**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  Chapter 13 No. 13-57229
Steven Michael Yonkus and
Samantha Ann Yonkus  Hon. Thomas J. Tucker
            Debtors.
_____/

## ORDER RESOLVING CREDITOR, NATIONSTAR MORTGAGE LLC's, OBJECTION'S TO CONFIRMATION & MODIFYING THE AUTOMATIC STAY & EVIDENTIARY HEARING

NOW COMES Creditor, Nationstar Mortgage, LLC, by and through its attorneys Trott & Trott, P.C., with respect to the property located at 20285 Huntington Ave, Harper Woods, MI 48225-1831 along with the Debtor(s), by and through their attorney:

**IT IS HEREBY ORDERED:**

1. Creditor, Nationstar Mortgage, LLC (Claim #5) will be treated as an allowed secured claim in the amount of $82,500.00 with 5.25% interest paid in equal monthly payments as required under 11 U.S.C. § 1325(a)(5)(B)(ii) over 60 months. The Trustee shall make Class 5.1 monthly disbursements in the amount of $1,566.34. The remaining balance of Creditor's claim shall be treated as an allowed unsecured claim in the amount listed on the Creditor's Proof of Claim;

2. Upon successful completion of the Debtors' Chapter 13 Plan and receipt of a Chapter 13 Order of Discharge under 11 U.S.C. §1328(a), the unpaid portion of the Mortgage, held by Nationstar Mortgage, LLC., in the original face amount of $181,550.00, on the Debtors' property commonly known as 20285 Huntington Ave, Harper Woods, MI 48225 that is recorded in Liber 41894, Page 977 on December 23, 2004 with the Wayne County Register of Deeds shall be extinguished, terminated, and discharged.

    The legal description of the property the Mortgage encumbers is as follows:

    Lot 18 of Supervisor's Gratiot Plat No. 1 according to the plat thereof recorded in Liber 69 of plats page 27 of Wayne County Records.

    Parcel I.D. Number: 42-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-000

3. That the Debtor shall amend the Chapter 13 Plan and/or schedules, if necessary, within 21 days of the entry of the corresponding Order to provide that:

    a. Creditor, Nationstar Mortgage, LLC (Claim #5) will be treated as an allowed secured claim in the amount of $82,500.00 with 5.25% interest paid in equal monthly payments as required under 11 U.S.C. § 1325(a)(5)(B)(ii) over 60 months with monthly disbursements in the amount of $1,566.34. The remaining balance of Creditor's claim shall be treated as an allowed unsecured claim in the amount listed on the Creditor's Proof of Claim;

4. That in the event that the Debtor(s) refinance the loan(s) on the subject property, or sells the subject property, prior to the completion of the Chapter 13 case and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), pursuant to § 11 U.S.C. §1325(a)(5)(B), the Debtor shall pay the entire balance due on the mortgage in full at closing.

5. That in the event that the property is destroyed or damaged, that pursuant to the mortgage, Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

6. That in the event that the case is converted, the automatic stay is terminated, or the case is dismissed before completion of the plan and receipt of a Chapter 13 order of discharge under 11 U.S.C. §1328(a), pursuant to 11 U.S.C. §348(f)(1)(C) and 11 U.S.C. §349 Creditor retains its security interest until the full amount of the claim as determined under applicable non-bankruptcy law is paid in full.

7. Upon confirmation of the case, the loan will become non-escrowed and the Debtor(s) will hereby be responsible for the payment of all taxes and insurance with respect the loan.

8. That Creditor, Nationstar Mortgage, LLC (Claim #5) is entitled to recoup pre-confirmation escrow advances in the amount of $5,322.46. Upon the filing of a proof of claim or notice of additional fees and costs, the Trustee shall disburse this amount as a Class 2.4 administrative claim. Debtors retain their right to object to said claim.

9. That effective on the date of confirmation, if the Debtor(s) fails to maintain required plan payments, taxes or insurance with respect to the property, Creditor may file and serve a Notice of Default on the Debtor(s), Debtor's Counsel, and the Trustee. If the Default is not cured, within a 30 day period with respect to plan payments or taxes or within a 10 day period with respect to insurance, Creditor may submit an order vacating the Automatic Stay to the Court for entry with no further notice or hearing required. Any default may be cured only by remitting the amount necessary to cure the delinquency to the Trustee and cannot be cured by the filing of a plan modification that seeks to excuse defaulted plan payments.

10. In the event that the Debtor(s) fails to maintain taxes or insurance during the life of the case, and Creditor is forced to advance funds on the Debtor's behalf, any advances, and any associated attorneys fees and costs attributable to the Debtor's default or failures shall not be subject to cram down treatment and shall be fully recoverable from the Debtor(s). Creditor may file a supplemental proof of claim for these advances and that claim shall be treated as fully secured and paid in full.

11. The Debtor(s) are limited to two opportunities to cure any defaults. Should a third default occur, Creditor may submit an order Vacating the Automatic Stay to the Court for entry with no further notice or hearing required. Creditor's attorney's fees and costs associated with a default are recoverable and, if cured, any supplemental claims filed for a default shall be fully recoverable from the Debtor(s) and shall be treated as a fully secured claim.

12. In the event that the Debtor(s) fails to maintain taxes or insurance during the life of the case, Creditor retains the right to force place insurance on Debtor's land may file a separate Class 5.1 claim

for on-going escrow disbursements for the Trustee. Upon the filing and notice of such claim the Trustee will begin disbursements without further notice or hearing. Creditor's attorney's fees and costs associated with a default are recoverable and any supplemental claims filed for a default shall be fully recoverable from the Debtor(s) and shall be treated as a fully secured claim.

13. An Order Vacating the Automatic Stay as entered by the Court pursuant to this stipulation includes a waiver of Fed. R. Bankr. P. 4001(a)(3) and is binding and effective despite any conversion of this bankruptcy to a case under any other chapter of Title 11 of the United States Bankruptcy Code. In the event, Creditor deems the property physically abandoned, or by consent of the parties, Creditor may seek to shorten the statutory redemption period. Creditor at its option may offer, provide and enter into a potential forbearance agreement, loan modification, or other workout/loss mitigation agreement and Creditor may contact the Debtor(s) via telephone or written correspondence to offer such an agreement.

14. That in the event Creditor obtains relief from the automatic stay, the Trustee shall cease all disbursements with respect to Creditor's claim until such time that the Creditor amends its proof of claim to reflect a deficiency claim.

15. Any Order vacating the automatic stay and the co-debtor stay entered pursuant to this resolution shall allow Movant, at its option, to offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

16. That in the event the Creditor, its successors or assigns, fails to execute and record documents that are required to release the Mortgage after successful completion of this Chapter 13 case, then Debtor(s) may record the Order entered pursuant to this stipulation along with the Order of Chapter 13 Discharge.
   .

**Signed on June 10, 2014**

                                                /s/ Thomas J. Tucker
                                                Thomas J. Tucker
                                                United States Bankruptcy Judge

17.